**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**MARCELL HUBBARD**                                    **CIVIL ACTION**


**VERSUS**                                             **NO. 13-5956 c/w 14-1015**


**LABORDE MARINE LLC**                                 **SECTION "H"(2)**
                                                       **(Applies to 13-5956)**


<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Remand (Doc. 6).  For the following reasons, the Motion is

DENIED.

**BACKGROUND**

Plaintiff filed this action in Louisiana state court asserting various claims for personal injury

resulting from an accident which occurred in the Gulf of Mexico.  Plaintiff alleges that he was a

crew-member on a vessel performing resupply and repair operations on an offshore platform

located on the Outer Continental Shelf ("OCS").  After Plaintiff completed his shift on the vessel,

he boarded a crewboat, the M/V RIG RUNNER, for transport back to shore.  Plaintiff claims that the

1

captain of the M/V RIG RUNNER suddenly changed course during transit, causing Plaintiff to be thrown from his seat and sustain injury. Defendants own the M/V RIG RUNNER. After being served with Plaintiff's suit, Defendants removed to this Court invoking, alternatively, this Court's admiralty jurisdiction under 28 U.S.C. § 1333 and federal question jurisdiction pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349. Plaintiff subsequently filed the instant Motion to Remand. Plaintiff, in addition to remand, moves the Court to impose attorney's fees and costs in accordance with 28 U.S.C. § 1447(c).

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal." *Id.* Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand. *Id.*

## LAW AND ANALYSIS

Defendants assert two independent grounds for removal jurisdiction. Because the Court

finds that it may exercise jurisdiction pursuant to OCSLA, it is not necessary to consider Defendants' arguments related to 28 U.S.C. § 1333.

Defendants' first argument relies on OCSLA's broad jurisdictional grant.  Plaintiff concedes that OCSLA provides removal jurisdiction, but argues that Defendants have not met their burden to prove that this case falls within OCSLA's jurisdictional requirements.  Specifically, Plaintiff contends that Defendants must prove that the operative facts underlying Plaintiff's complaint occurred on the OCS (referred to herein as a situs requirement).

OCSLA's jurisdictional grant is found in 43 U.S.C. § 1349.  It provides that:

> [T]he district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with [] any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals.

This language has been interpreted as straightforward and very broad.  *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).  Courts generally impose a two part test for evaluating jurisdiction under OCSLA, asking whether "(1) the activities that caused the injury constituted an operation conducted on the outer Continental Shelf that involved the exploration and production of minerals, and (2) the case arises out of, or in connection with the operation."  *In re DEEPWATER HORIZON*, 745 F.3d 157, 163 (5th Cir. 2014).  With regard to the first element, courts ask whether the injury would have occurred "but-for" the operations on the OCS.

3

*Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999); *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988).  Furthermore, the Fifth Circuit has held that the phrase "arising out of or in connection with" should also be applied broadly.  *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994); *see also United Offshore Co. v. S. Deepwater Pipeline Co.*, 899 F.2d 405, 406–07 (5th Cir. 1990) (holding that a district court had jurisdiction over a dispute related to a contract providing for the transportation of minerals to shore despite the fact that the contract concerned operations "one step removed" from operations on the OCS).  Additionally, the Fifth Circuit has expressly rejected Plaintiff's assertion that § 1349 contains a situs requirement.  *See In re DEEPWATER HORIZON*, 745 F.3d 157, 164 (5th Cir. 2014) ("[Plaintiffs] contend that there is a situs requirement for OCSLA jurisdiction under the language of Section 1349.  We disagree.").[1] Accordingly, consistent with the jurisprudence in the Fifth Circuit, the Court finds that Defendants must only demonstrate that the instant matter arises out of an operation conducted on the OCS involving the production of minerals.

Plaintiff alleges that he was a crewman on a vessel which was servicing a platform in the Gulf of Mexico.  Plaintiff does not dispute that the platform at issue was on the OCS, that it was engaged in the extraction of minerals from the OCS, or that his employment supported the

---

[1] There is a single published Fifth Circuit case which stated in passing that OCSLA's jurisdictional grant contains a situs requirement.  *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013).  However, the Court believes that the passing statement in *Barker* is inconsistent with the Fifth Circuit jurisprudence on point and therefore declines to follow it.  *See e.g.*, *Tennessee Gas Pipeline*, 87 F.3d at 154; *EP Operating*, 26 F.3d at 569; *Recar*, 853 F.2d at 369.

operations of the platform.   Therefore, this Court has no difficulty finding that Plaintiff's employment furthered the development of minerals from the OCS.  Furthermore, Plaintiff's alleged injury aboard the M/V RIG RUNNER was clearly related to the operations on the OCS.  Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS. Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction.   *See Barger v. Petroleum Helicopters, Inc.*, 692 F.2d 337 (5th Cir. 1982) (exercising OCSLA jurisdiction over a case involving the crash of a helicopter which was ferrying individuals to work onboard a platform on the OCS).[2]

## CONCLUSION

For the foregoing reasons, the Motion to Remand is DENIED.

New Orleans, Louisiana, this 2nd day of May, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff also seeks an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Given this Court's holding that removal was proper, the statute is not applicable and Plaintiff's request is denied.